**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CARVER THOMAS ASKEW,**

    **Plaintiff,**

**vs.**                                            **Case No. 4:13cv566-WS/CAS**

**SERGEANT ERIK CROSBY,
SERGEANT DONNIE SEGREE,
SERGEANT KENNETH MALPHURS,
and CAPTAIN ROLLIN AUSTIN,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Defendant Segree has filed a motion to dismiss the pro se Plaintiff's

fourth amended complaint.  ECF No. 101.  Plaintiff was given an

opportunity to file a response to that motion, ECF Nos. 103 and 106, and

he has responded.  ECF No. 107.  Only Plaintiff's response has been

considered as Plaintiff's attached exhibits have been stricken.  *See* ECF

Nos. 113 and 115.

Plaintiff's complaint alleges that on September 13, 2012, he was

wrongfully subjected to the use of chemical agents although he was not

creating a disturbance.  ECF No. 97.  Plaintiff alleged that Defendant

Crosby told him that he had "pissed the wrong people off with [his] writ-

writing."  *Id.* at 7.  He claimed that Defendant Crosby set up a false report

that Plaintiff was creating a minor disturbance.  *Id.*  Plaintiff alleged that

Defendant Austin opened the flap on Plaintiff's door, "enticing" Plaintiff into

conversation when Defendant Austin suddenly moved away and Defendant

Malphurs then sprayed Plaintiff directly in the face.  *Id.*  After being sprayed

with chemical agents, Plaintiff alleged he "could hear multiple voices

laughing . . . ."  *Id.*  Approximately ten minutes later, Plaintiff alleged that

Defendant Austin directed Plaintiff to come to the door to "cuff up" and as

Plaintiff approached with his eyes closed because of the burning, chemical

agents were administered a second time.  *Id.* at 8.  Plaintiff alleges he

heard voices on the other side of the door "burst out into laud laughter

again."  *Id.*

Plaintiff contends that he was not removed from his contaminated cell

for nearly 45 minutes.  *Id.*  He was given another set of clothing which he

contends also "heavily reaked [sic] of chemical agents."  *Id.*

Plaintiff alleged that Defendant Segree "failed and/or refused to

perform his duty to protect the Plaintiff from the other officers by

intervening" to protect Plaintiff's constitutional rights.  *Id.* at 9.  Plaintiff

alleged that his rights were violated "in Defendant Segree's presence" and

contends Defendant Segree is liable under § 1983.  *Id.*  Plaintiff asserts

that Defendant Segree had a "duty to intervene" and he failed to stop the

other officers from using excessive force.  *Id.* at 14.

**Motion to Dismiss, ECF No. 101**

Defendant Segree seeks dismissal of the fourth amended complaint

pursuant to Rule 12(b)(6) on the basis that Plaintiff's statement of facts

does not allege that Defendant Segree was aware that chemical agents

were about to be used on Plaintiff or that he was in a position to intervene.

ECF No. 101 at 1.  Defendant argues that Plaintiff has presented only

conclusory statements which are insufficient to state a claim.  *Id.* at 2.

Additionally, Defendant raises qualified immunity as a defense.  *Id.* at 3.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to

Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be

granted is whether Plaintiff has alleged enough plausible facts to support

the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct.

1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson,

355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face."  Ashcroft v.

Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly,

550 U.S. at 570, 127 S.Ct. 1955).[1]  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  Iqbal,

556 U.S. at 677 (citing Twombly, 550 U.S. at 556); *see also* Speaker v.

U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010).  "The

plausibility standard" is not the same as a "probability requirement," and

"asks for more than a sheer possibility that a defendant has acted

unlawfully."  Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556).  A

complaint that "pleads facts that are 'merely consistent with' a defendant's

liability," falls "short of the line between possibility and plausibility."  Iqbal,

129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).  The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' "  *Id.* (quoting Twombly,  550 U.S. at 555).  Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

**Analysis**

The Eighth Amendment stands to protect a prisoner from the use of excessive force which is unrelated to maintaining or restoring discipline. Plaintiff's claim against Defendant Segree is not for the use of force, but for failing to prevent others from using such force.

An "officer can be liable for failing to intervene when another officer uses excessive force."  Ensley v. Soper, 142 F.3d 1402, 1407-08 (11th Cir. 1998) ("[I]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable[.]") (quoted in Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 924 (11th Cir. 2000)); *see also* Riley v. Newton, 94 F.3d 632, 635 (11th Cir. 1996); Terry v. Bailey, 376 F. App'x 894, 896 (11th Cir. 2010).  "This liability, however, only

arises when the officer is in a position to intervene and fails to do so."

Priester, 208 F.3d at 924-25 (citing Ensley, 142 F.3d at 1407).

Plaintiff alleged in the complaint that after he was sprayed with

chemical agents, he "could hear multiple voices laughing . . . ." *Id.* He

alleged he was sprayed twice, and heard laughter twice. Plaintiff alleged

that the use of force was done in Defendant Segree's presence. Although

the complaint did not allege where Defendant Segree was at the time

chemical agents were used, Plaintiff states in his response to the motion to

dismiss that Defendant Segree "responded to the falsified" report that

Plaintiff was creating a minor disturbance as a "member of the Rapid

Response Team." ECF No. 107 at 2. Plaintiff reports that Defendant

Segree, along with several other officers, had "gathered in the vestibule of

wing two entrance" and watched, laughing as chemical agents were used

on Plaintiff. *Id.* at 2-3. Furthermore, Plaintiff alleged that force was used

not because Plaintiff was yelling or creating a disturbance, but on a false

assertion that Plaintiff had simply called Defendant Crosby a disrespectful

name. In that light, accepting Plaintiff's allegations as true, the use of

chemical agents was not justified. Wilkins v. Gaddy, 559 U.S. 34, 40, 130

S. Ct. 1175, 1180, 175 L. Ed. 2d 995 (2010) (finding that assault by

correctional officer which is "carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline'" states an Eighth Amendment claim).

If Plaintiff's assertions are true and Defendant Segree was in a position to see and hear that the use of chemical agents was unnecessary, then Defendant Segree was also in a position to intervene.  The fourth amended complaint sufficiently alleges a claim against Defendant Segree and the motion to dismiss should be denied.

Moreover, it has been well established that an officer in a position to intervene must do so when he observes an unjustified and excessive use of force.  Denials of qualified immunity on that basis have been entered since the year 2000.  *See* Priester, 208 F.3d at 927 (citing to Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986) (noting "[t]hat a police officer had a duty to intervene when he witnessed the use of excessive force and had the ability to intervene was clearly established in February 1994.")); *see also* Williams v. Scott, 433 F. App'x 801, 805 (11th Cir. 2011) (finding that genuine issue of material fact existed as to whether correctional officer "was in a position to intervene" which precluded summary judgment based

on qualified immunity for that claim).  The motion to dismiss on the basis of qualified immunity should also be denied.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Defendant Segree's motion to dismiss, ECF No. 101, be **DENIED,** Defendant directed to file an answer to the fourth amended complaint, and this case be remanded for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 15, 2015.


 s/      Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**